# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG MINH TRAN,<br><br>                        Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>                       Defendants. | Case No. 17-cv-00636-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY REQUIRED FILING FEE** |

    Plaintiff Hoang Minh Tran, currently housed at the San Diego Central Jail, has filed a civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has not prepaid the full civil filing fee required by 28 U.S.C. § 1914(a), but has instead filed a Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2.)

## LEGAL STANDARD

    "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County*

1

*Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). However, when prisoners move to proceed IFP, they "face an additional hurdle." *Id*. In addition to requiring prisoners to pay the full filing fee in increments, *see* 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). Where a prisoner has three strikes or more, he cannot proceed IFP. *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*").

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311. Once a prisoner has accumulated three strikes, he is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## DISCUSSION

As a threshold matter, the Court has carefully reviewed Plaintiff's Complaint and has determined that it does not contain "plausible allegations" suggesting he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at

1055 (quoting 28 U.S.C. § 1915(g)). Therefore, if Plaintiff has accumulated three or more strikes, the instant action is barred under § 1915(g).

The Court takes judicial notice that Plaintiff, while incarcerated, has brought at least three civil actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002). Those previously dismissed actions are as follows:

1) *Tran v. Gore, et al.,* Civil Case No. 10-1323 BTM (WMc) (S.D. Cal. Jan. 31, 2011), Order dismissing action for failing to comply with Court's Order and for failing to state a claim (strike one);

2) *Tran v. Gore, et al.,* Civil Case No. 10-1751 JAH (WVG) (S.D. Cal. Feb. 14, 2011), Order dismissing First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) (strike two);

3) *Tran v. Gore, et al.,* Civil Case No. 10-2036 JAH (WVG) (S.D. Cal. Feb. 15, 2011), Order dismissing First Amended Complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) (strike three);

4) *Tran v. Gore, et al.,* Civil Case No. 10-1880 MMA (BLM) (S.D. Cal. Feb. 14, 2011), Order dismissing First Amended Complaint for failing to state a claim and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) (strike four).

Accordingly, because Plaintiff has accumulated at least three strikes, and has failed to make a plausible allegation that he faced imminent danger of serious physical injury at the time he filed his complaint, he is not entitled to proceed IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (explaining that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes

prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## CONCLUSION

For the foregoing reasons the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. §1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 filing fees required by 28 U.S.C. § 1914(a); and

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED: April 17, 2017

Hon. Cynthia Bashant
United States District Judge